[No. 3,649.]

## GEORGE BIRD v. HARVEY WILCOX, and WILLIAM D. VAIL.

When Patentee Holds Land in Trust.—One who obtains a patent to public land of the United States as a preëmptioner, by fraudulently obtaining and forcibly retaining possession thereof from another, who had taken the preliminary steps to enter it as a homestead, under the laws of the United States, and by procuring a cancellation of the homestead entry by means of false evidence, holds the title in trust for the homestead claimant.

Idem.—In such case, the grantee of the patentee, who buys with notice, also holds the legal title in trust for the homestead claimant.

Appeal from the District Court of the Seventh Judicial District, County of Solano.

The complaint alleged that, on the 30th day of June, 1863, the northwest quarter of section thirty-two, township six north, range two east, Mount Diablo meridian, lying in Solano County, was public land, and one Pendegrass was residing on it, and had made improvements thereon, and that the plaintiff, who was qualified to enter a homestead under the laws of the United States, purchased Pendegrass' improvements, and received from him possession of the land, and settled thereon, under, the Act of Congress entitled "An Act to secure homesteads to actual settlers on the public domain;" that on said day the plaintiff filed his declaration of homestead in the United States Land Office, and entered the land in accordance with the provisions of said Act, and thereafter cultivated the same, and made improvements of the value of three thousand dollars, and continued to reside on it until October 18th, 1867, when he left temporarily to obtain medical treatment at San Francisco; that, during his temporary absence, the person in whose charge he left his house permitted one Thomas Clark to move into the house, on an agreement that he would restore possession to the plaintiff on his return; that, December 1st,

1867, the plaintiff returned to take possession, but Clark refused to surrender him possession, and that on the 1st day of June, 1868, the plaintiff, with his family, moved into the house during Clark's absence, and continued to reside there until he was dispossessed by the Sheriff, under a writ of restitution, which Clark had procured in an action of forcible entry and detainer brought against him, and that but for said reasons the plaintiff would have continued to reside on the land during the five years required by said Act; that, about said 18th of October, 1867, Clark confederated with the defendants, and the three agreed together that Clark should, by false evidence, procure a cancellation of the plaintiff's homestead entry, and obtain, as a preëmptioner, a patent to himself for the use of defendants, who were to furnish the money therefor, and that in pursuance of said arrangement Clark did, by false evidence, make the Register and Receiver believe he was a preëmptioner, and procured a cancellation of the homestead entry, and preëmpted the land, and, on the 10th day of June, 1870, received a patent therefor, and, on the 14th day of July, 1870, conveyed the same to the defendants, and left the State of California; that during all the time aforesaid the defendants knew of the plaintiff's claim as a homestead settler, and that he was prosecuting an action of ejectment against Clark to recover possession of the land, and that the plaintiff was never notified that Clark was making an application to set aside his homestead entry, and that, but for the reasons aforesaid, the plaintiff would, for the sum of twenty-eight dollars, have perfected his homestead claim at the end of five years, and obtained a patent. The plaintiff offered to pay the defendants the sum of twenty-eight dollars, and prayed that the defendants be adjudged to hold the land in trust for him, and be compelled to convey the same to him.

The defendants demurred to the complaint, because it did not state facts sufficient to constitute a cause of action, the

Court below sustained the demurrer, and the plaintiff appealed from the judgment.

*B. B. Newman*, for Appellant.

The defendants hold the legal title in trust, and a bill in equity is the proper remedy to compel them to transfer the legal title fraudulently obtained by them to the party justly entitled to it, and under it State Courts and the Supreme Court of the United States, have ample power to grant the injured party full relief to the extent of his injuries. (*Johnson* v. *Towsley*, 13 Wallace, 72; *Smiley* v. *Sampson*, id., 91; *Lindsey* v. *Haws*, 2 Black, U. S., 554; *State of Minnesota* v. *Batchelder*, 1 Wallace, 109; *Stark* v. *Starrs*, 6 Wallace, 402; *Silver* v. *Ladd*, 7 Wallace, 219.)

The general principle is, that when a party is deprived of his right, otherwise perfect, by the land department, equity will relieve. (*Cunningham* v. *Ashley et al.*, 14 How. 377; *Bernard's Heirs* v. *Ashley's Heirs*, 18 How. 43; *Garland* v. *Winn*, 20 How. 8; *Lyttle* v. *State of Arkansas et al.*, 22 How. 192.)

*William S. Wells*, for Respondents.

There was no valid homestead claim in the plaintiff, his inceptive claim being lost by his failure to reside upon the tract, and this appearing by the complaint, the demurrer was rightly sustained. (U. S. Law of 1862, Sec. 5; 2 Brightly's Digest, 288; *Athearn* v. *Poppe*, 42 Cal. 607.)

The complaint was insufficient in this: that it charges no specific acts of fraud, or no facts respecting untrue evidence or statements. That fraud must be distinctly alleged, and cannot be avoided by general language, is well settled as a rule of pleading. (*Kent* v. *Snyder*, 30 Cal. 666; *Castle* v. *Bader*, 23 Cal. 75; *Butler* v. *Viele*, 44 Barbour, 166.)

The allegations are, that there was a conspiracy to procure the cancellation of the homestead entry by false evi-

dence, and cause, for the benefit of defendant, a patent to issue to Clark, and that false evidence and statements were so produced, and that Clark thereby established a valid pre-emption claim to the land. We are neither given time, place, circumstance, element, or feature of any of this so called false evidence.

By the COURT:

We are of opinion that the complaint is sufficient as against the general demurrer interposed by the defendants. (*Johnson* v. *Towsley*, 13 Wallace, 72.)

Judgment reversed and cause remanded with directions to overrule the demurrer.